UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

Case Number: 18-17090-LMI

REYNALDO HECHAVARRIA
GABY KRALJ
    Debtor
_____/

MOTION FOR ORDER TO SHOW CAUSE
AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING

Nancy K Neidich, Standing Chapter 13 Trustee ("Trustee") files this Motion for Order to Show Cause and states as follows:

1) An Order dismissing this case was entered on October 19, 2018 as at the confirmation hearing, the Debtor's plan did not conform to the claims filed by Kirkland Financial (POC #5) and the Debtors were not current with their payments under the proposed plan.

The plan did not conform to the claim filed by Liberty Mortgage (POC #7) but an objection to claim was filed (ECF #70) stating that the Debtors' agreed that they were delinquent but that the amount was incorrect so the claim should be stricken. According to the Debtors Statement of Financial Affairs, Liberty Mortgage has a pending foreclosure, State Case Number 16-008069-CA-01.

2) On November 15, 2018, the Trustee disbursed vested funds in the amount of $1,011.56 to Liberty Mortgage and $8,086.74 to Kirkland Financial pursuant to this Court's order (ECF #64) and the last plan filed.

3) On November 28, 2018, the Debtor filed a Motion to Reinstate (ECF #83) which was set for hearing on January 8, 2019.

4) On January 4, 2019, the Debtor filed a Fifth Amended Plan which, as noted by the Clerk, was a plan for a different case. (ECF #97)

5)  At the hearing on January 8, 2019, the Motion to Reinstate (ECF #83) was denied as as the 4th Amended Plan still failed to conform to the claims filed by Liberty Mortgage (POC #7) or Kirkland Financial (POC #5) and the Fifth Amended Plan did not belong to this case.

6) On January 11, 2019, the Debtor filed a Motion to Reinstate (ECF #92) which was set for hearing on February 2, 2019.

7) On February 5, 2019, the Motion to Reinstate (ECF #92) was denied as was denied as the Fifth Amended Plan filed on January 4, 2019 was the image of a plan for a different case.

8)  The correct Fifth Amended Plan was filed on February 5, 2019 but was not received by the Trustee's office until after the hearing.

9)  On February 16, 2019, the Debtor filed a Sixth Amended Plan (ECF #98)

10) On February 15, 2019, the Debtor filed a Motion to Reinstate (ECF #99) which was set for hearing on March 5, 2019.

11)  On March 1, 2019, the Debtor filed a Seventh Amended Plan (ECF #104)

11)  At the hearing on March 5, 2019, the Trustee recommended that the Motion to Reinstate (ECF #99) be denied as the Sixth Amended Plan removed the $8,086.74 payments made to Kirkland Financial on November 15, 2019 and required the Trustee to disburse the funds she no longer held to another creditor.

12)  On March 8, 2019, the Debtor filed a Notice of Withdrawal of the Motion to Reinstate (ECF #99)

13) On April 10, 2019, the Debtor filed a Motion to Reinstate (ECF #111) which was set

for hearing on May 7, 2019.

14) On May 7, 2019, the Motion to Reinstate was granted as the Debtor agreed to immediately file a new plan to resolve the issues.  The Trustee provided counsel with an order resetting the confirmation hearing for June 4, 2019 but the order submitted did not include that information.

15) On May 21, 2019, the Trustee filed a Notice of Deficiency for Confirmation (ECF #115) as the issues had not been resolved.

16) On May 24, 2019, the Debtor filed an Eight Amended Plan (ECF #116)

17) On June 4, 2019, a confirmation hearing was held and this case was dismissed as the Eighth Amended Plan did not disclose the $8,086.74 disbursed to Kirkland Financial on November 11, 2018 and required the Trustee to disburse the funds sent to Kirkland Financial to an other creditor.

18) On June 4, 2019, the Debtor filed a Ninth Amended Plan (ECF #119)

19) On June 28, 2019, the Debtor filed a Motion to Reinstate (ECF #124) which was set for hearing on August 6, 2019.

20) At the hearing on August 6, 2019, the Trustee recommended that the Motion to Reinstate be denied as the Ninth Amended Plan reduced to Debtor's disposable income to less than she had received and still did not disclose the $8,086.74 disbursed to Kirkland Financial on November 11, 2018 and the $12,311.06 disbursed to Liberty Financial as of July 16, 2019 and required the Trustee to disburse the funds sent to Kirkland Financial to an other creditor.

30)  The Debtor filed a Notice of Withdrawal of the Motion to Reinstate (ECF #124)

31) On August 6, 2019, the Debtor filed a Motion to Reinstate (ECF #128) which was set

for hearing on September 10, 2019.

32) At the hearing on September 10, 2019, the Trustee recommended that the Motion to Reinstate be denied as nothing had been done to correct the issues pending since the first motion to reinstate was filed in November 2018.

33) On September 9, 2019, the Debtor withdrew the Motion to Reinstate (ECF #128)

34) On September 15, 2019, the Debtor filed a Motion to Reinstate (ECF #132) which was set for hearing on October 10, 2019.

35) The Debtor has not filed a new plan since June 4, 2019.

36) The plan does not disclose the payments already disbursed by the Chapter 13 Trustee and requires the Trustee to disburse funds she no longer holds to a different creditor. The Trustee's staff attorney has had several conversations with Debtor's attorney attempting to explain how to propose a plan which can be approved and under which the Debtor may reinstate.

37) A plan must be proposed that reflects the Debtor's payments were $1840.06 months 1-14, that Kirkland Financial received payments in the amount of $577.63 months 1 - 14 (in Section IIIA) and direct payments commencing thereafter (in section IIIE), and payments to Liberty Mortgage in the amount of $879.36 month 1 - 14 (in section IIIA) and provide for the payment of Liberty Mortgage in full as well as at least $46,392.18 to the unsecured creditors.

WHEREFORE, the Trustee requests that this Court enter an order to show cause why this case should continue to be docketed for motions to reinstate when the Debtor has failed to file a plan which could be approved by the Court.

                RESPECTFULLY SUBMITTED:
                NANCY K. NEIDICH, ESQUIRE
                STANDING CHAPTER 13 TRUSTEE

                                                                P.O. BOX 279806
                                                                MIRAMAR, FL 33027-9806

                                                      By: /s/_____
                                                              Amy E. Carrington, Esq.
                                                              *Senior Staff Attorney*
                                                              FLORIDA BAR NO: 101877

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of this Motion for Order to Show Cause and the Notice of Hearing was served through NEF on Nathalie C. Rodriguez on behalf of Creditor LIBERTY HOME EQUITY SOLUTIONS, INC. (FKA GENWORTH FINANCIAL HOME EQUITY ACCESS, INC.); Richard Siegmeister, Esq. on behalf of Creditor Kirkland Financial LLC; Richard Siegmeister, Esq. on behalf of Debtor Reynaldo Hechavarria and Joint Debtor Gaby Kralj; and Cameron H.P. White on behalf of Creditor Kirkland Financial LLC and by US First Class Mail to Jose A Ceide, Esq, attorney for Carriage House Condominium Association in foreclosure case number 2016-008069-CA-01, Salazar Law, 2000 Ponce De Leon Blvd, PH Suite, Coral Gables, FL 33134 on _____:

                                                                /s/_____
                                                                Amy E Carrington, Esq